## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ADAM LANE                                                                          PLAINTIFF
ADC #155843

v.                                    No. 5:18CV305-BRW-JTR

CHRISTOPHER BUDNICK,
Deputy Warden, Arkansas
Department of Correction, *et al.*                                              DEFENDANTS

## <u>ORDER</u>

In this *pro se* § 1983 action, Plaintiff Adam Lane ("Lane"), an Arkansas Division of Correction ("ADC") inmate, alleges that Defendants violated his constitutional rights while he was incarcerated in the Cummins Unit.

Two motions are pending: (1) Lane's *third* Motion for Appointment of Counsel (*Doc. 65*); and (2) Defendants' Motion to Compel (*Doc. 66*). Lane's Motion for Appointment of Counsel is DENIED, and Defendants' Motion to Compel is GRANTED, in part, and DENIED, in part.

### I. Background

On November 30, 2018, Lane filed this § 1983 action, alleging failure to protect, retaliation, corrective inaction and inadequate medical care claims against twelve Defendants. *Doc. 2.* On December 20, 2018, the Court screened his Complaint, allowed all of his claims to proceed, and ordered that the Complaint be

served on Defendants. *Doc. 7.*

Defendants later filed a Motion for Partial Summary Judgment on the issue of exhaustion. *Doc. 33*. On February 26, 2020, the Court entered a Partial Recommended Disposition suggesting that the Motion be granted as to certain claims and Defendants. *Doc. 43*. On March 17, 2020, United States District Judge Billy Roy Wilson adopted that recommendation.[1] *Doc. 44*.

On April 30, 2020, the remaining Defendants served Lane with a set of Interrogatories and Requests for Production. *Doc. 66-1*. On May 8, 2020, Lane provided responses to that discovery. *Doc. 58*.

On May 11, 2020, Defendants' counsel sent Lane a letter stating that many of his discovery responses were incomplete. *Doc. 66-2*. On June 15, 2020, Lane provided supplemental responses. *Doc. 66-3*.

On July 1, 2020, Defendants' counsel sent a second letter to Lane, stating that his discovery responses were still insufficient. *Doc. 66-4*. Lane did not respond to the second letter.

---

[1] Lane's remaining claims are:(1) Defendants Pierre and Wade threatened to take Lane's property if he refused a cellmate, in retaliation for utilizing the grievance procedure; (2) Defendant Pierre "sexually verbally threatened" him and called him a "snitch" on September 21, 2018; (3) Defendant White showed deliberate indifference to his mental health needs, in September 2018, when she "shrugged off" his complaints about hearing voices and having homicidal thoughts; and (4) Defendants Straughn, Budnick, Musselwhite, Starks, and T. Griffin showed deliberate indifference to his health and safety by denying his requests for protective custody. *See Docs. 43 & 44.*

On July 13, 2020, Lane filed his *third* Motion for Appointment of Counsel. *Doc. 65*.

On August 5, 2020, Defendants filed a Motion to Compel requesting that the Court order Lane to provide complete responses to fifteen of the seventeen Interrogatories and ten of the twelve Requests for Production. *Doc. 66*. On August 19, 2020, Lane filed a Response stating that he has answered all of Defendants' discovery requests and that the Motion to Compel is an "attempt to badger" him because he continues to seek court-appointed counsel to represent him in this case. *Doc. 68*.

## II. Discussion

### A.    Lane's Motion for Appointment of Counsel

On May 26, 2020, the Court entered an Order denying Lane's two previous Motions for Appointment of Counsel. *Doc. 62*. In his latest Motion, Lane raises no new arguments in support of his third request for appointed counsel. Additionally, the Court continues to see nothing that would justify appointment of counsel at this stage in the case. Accordingly, for the previously stated reasons, Lane's Motion for Appointment of Counsel (*Doc. 65*) is DENIED.

**B.      Defendants' Motion to Compel**

Discovery is "an investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case." *Sentis Group, Inc. v. Shell Oil Co.,* 763 F.3d 919, 926 (8th Cir. 2014). Allowing broad discovery enables the parties "to obtain the fullest possible knowledge of the issues and facts *before trial.*" *Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (emphasis added). Thus, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," with consideration given to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b(1). Information "need not be admissible" at trial to be discoverable. *Id.*

**Interrogatory No. 1** requests that Lane "identify with specificity each person's name, telephone number, address, and . . . what information each person possesses relevant to your case." *Doc. 66-4 at 1*. Lane identified only the "Central Office ADC, Classifications Cummins Unit." *Doc. 66-3 at 5*. This is not a responsive answer. Lane must provide the *names* of all persons whom he believes possess

4

information that may be relevant to his claims and concisely state the facts or information each such person possesses.[2] For example, Lane must identify by name (and ADC number, if available) the inmates who witnessed Defendant Pierre call him a snitch on September 21, 2018, as Lane alleges in his pleadings. Accordingly, Lane must supplement his answer to Interrogatory No. 1 by providing Defendants' counsel with the information specified above.

**Interrogatory No. 2** requests that Lane "identify with specificity each person's name, telephone number, address, you may call as a witness and . . . the subject matter to which each person will testify, and the substance of the facts to which each will testify." *Doc. 66-4 at 1-2*. Lane responded, "Grievance Coordinator, PREA Coordinator," and later supplemented his response to add "Central Office, Director's Office." *Doc. 59 at 2*; *Doc. 66-3 at 6*. Lane must supplement his response and concisely state the substance of the testimony he expects from the ADC Grievance Coordinator and the ADC PREA Coordinator. Lane must also identify who he plans to call from the Central Office and the Director's Office and the general substance of their expected testimony.[3] Finally, Lane must identify by name any

---

[2] Lane need not provide Defendants with telephone numbers or addresses for ADC employees that he identifies in his supplemental response.

[3] Lane need not provide Defendants with telephone numbers or addresses for the ADC Grievance Coordinator and the ADC PREA Coordinator or any other ADC employees that he identifies in his supplemental response.

other inmates, guards, or other persons he may call as a witness at trial and briefly describe their anticipated testimony. Accordingly, Lane must supplement his answer to Interrogatory No. 2 by providing Defendants' counsel with the information specified above.

**Interrogatory No. 3** (referred to as Interrogatory No. 4 in original)[4] and **Request for Production No. 2** request Lane to "identify with specificity every document you plan to introduce at trial or rely on for evidence" and produce copies of those documents. *Doc. 66-4 at 2*. Lane responded, "all include [*sic*] in the initial Complaint." *Doc. 66-3 at 2*. Lane attached thirty-four pages of documents to his Complaint. According to his discovery response, these are the only documents that he plans to introduce at trial and rely on to support his claims.[5] Accordingly, Defendants' Motion to Compel additional responses to Interrogatory No. 3 and Request for Production 2 is denied.

**Interrogatory No. 4** (referred to as Interrogatory No. 5 in original) and

---

[4] Defendants' counsel misnumbered several of the April 30, 2020 Interrogatories and Requests for Production. Rather than refer to the numbers initially assigned to the discovery requests, Defendants' counsel noted the mistake and corrected the numbers in the subsequent letters to Lane.

[5] If there are other documents that Lane plans to rely on, he should provide them to Defendants' counsel, *without further delay*, or risk those documents being excluded from evidence at trial.

**Request for Production No. 3** ask Lane to state "whether you or someone acting on your behalf has obtained or possesses statements from any persons regarding any of the events or allegations contained in the Complaint," and, if so, to provide details and produce copies of those statements. *Doc. 66-4 at 2*. Lane responded, "N/A," meaning not applicable. *Doc. 66-3 at 7*. Lane's response does not answer the question. Lane must answer Interrogatory No. 4 with a "yes" or "no." If Lane answers "yes," then he must identify the statement(s); the person(s) who made the statement(s); the date(s) each of the statement(s) was made; and "produce copies of those statements," if he possesses them, to Defendants' counsel. Accordingly, Lane must supplement his responses to Interrogatory No. 4 and Request for Production No. 3 by providing Defendants' counsel with the information specified above.

**Request for Production No. 4** requests that Lane produce "copies of all correspondence between the defendants and the plaintiff in possession of the plaintiff." *Doc. 66-4 at 2*. Lane responded, "attached to initial Complaint." This is a full, complete, and responsive answer to Request for Production No. 4. Defendants' counsel can access any such correspondence by logging on to the Court's online docket. Accordingly, Defendants' Motion to Compel Lane to provide a further response to Request for Production No. 4 is denied.

**Request for Production No. 5** requests that Lane produce "copies of all correspondence between the plaintiff and any other individual, excluding his attorneys, regarding the allegations contained in your lawsuit." *Doc. 66-4 at 2*. Lane responded, "attached to initial Complaint." Lane is not required to provide additional copies of the documents he attached to his initial Complaint, all of which are available to Defendants' counsel by logging onto the Court's online docket. Accordingly, Defendants' Motion to Compel Lane to provide a further response to Request for Production No. 5 is denied.

**Interrogatory No. 5** (referred to as Interrogatory No. 6 in original) asks whether any ADC or medical personnel made any statements that Lane believes to be beneficial to his case. *Doc. 66-4 at 3*. Lane responded that "Dr. Rashard -n- others placed me on medication due to hearing voices, racing thought, anxiety, PTSD due to the events." *Doc. 66-3 at 8*. Lane's answer is sufficient as to Dr. Rashard but Lane must supplement his response by stating the names of the "others" who made such statements and where those statements supportive of his claims are located. Accordingly, Lane must supplement his answers to Interrogatory No. 5 by providing Defendants' counsel with the information specified above.

**Interrogatory No. 6** (referred to as Interrogatory No. 7 in original) **and Request for Production No. 6** asks Lane to identify and produce copies of "any

recording, notes, memoranda, word processor or computer entries, letters, entries into diaries, notes on calendars, date books, or ... any other type of documents whatsoever that contains any information pertaining to your incarceration in the Arkansas Division of Corrections, the alleged constitutional violations, or any of the allegations you have raised in your Complaint." *Doc. 66-4 at 3*. Lane responded, "Only to Drs., -n- what is attached to the Complaint." *Doc. 66-3 at 8*. Lane's response makes clear that the only documents supporting the allegations in his Complaint are either attached to the Complaint or contained in his medical records. Lane has already signed a waiver for Defendants to review all of his medical records, so all of those documents are also readily available to Defendants' counsel. Defendants' request that Lane produce all documents that contain "any information pertaining to his incarceration" is overly broad and void for vagueness. Accordingly, Defendants' Motion to Compel additional responses to Interrogatory No. 6 and Request for Production No. 6 is denied.

**Request for Production No. 7** asks Lane to produce "a copy of each statement, whether recorded, written, oral, stenographically transcribed or otherwise, that you or anyone else acting on your behalf has obtained from any person(s) who have information or knowledge pertaining to any of the allegations which you have raised in your Complaint." *Doc. 66-4 at 3*. Lane responded, "Drs. at

ADC have in EOMIS[,] waiver signed." *Doc. 66-3 at 9*. This constitutes a complete and responsive answer to this request for production. Defendants can access all of those records using Lane's executed medical authorization. The practical considerations of Lane's confinement make it impractical to require him to provide those records to Defendants. Accordingly, Defendants' Motion to Compel additional responses to Request for Production No. 7 is denied.

**Request for Production No. 8** requests that Lane produce "a copy of all documents not specifically requested above, but which were used to answer these interrogatories or that will support your claim for damages in this action." *Doc. 66-4 at 3*. Lane responded that "Doctors have in EOMIS." This constitutes a complete and responsive answer to this request for production. Defendants can access those records using Lane's executed medical authorization. Accordingly, Defendants' Motion to Compel a further response to Request for Production No. 8 is denied.

**Request for Production No. 9** requests that Lane produce "copies of all medical records relating to Plaintiff and the issues as alleged in the Complaint, that are in Plaintiff's possession or accessible to Plaintiff." *Doc. 66-4 at 3*. Lane responded, "Dr. in ADC have in EOMIS[,] waiver signed." *Doc. 66-3 at 9*. This constitutes a complete and responsive answer to this request for production. Defendants can access those records using Lane's executed medical authorization.

10

Accordingly, Defendants' Motion to Compel a further response to Request for Production No. 9 is denied.

**Request for Production No. 10** asks Lane to provide copies of "any and all statements, recorded, oral or written, in any way related to this dispute." *Doc. 66-4 at 4*. Similarly, **Interrogatory No. 7** (referred to as Interrogatory No. 9 in original) and **Request for Production No. 11** (referred to as Interrogatory No. 12 in original) asks Lane to identify and produce copies of any pictures, diagrams or objects pertaining to his Complaint. *Id*. In response to those discovery requests, Lane referred Defendants' counsel to his "initial Complaint," and the attached documents, which makes it clear that these are the only relevant documents he possesses that relate to this dispute. *Doc. 66-3 at 10*. Accordingly, Defendants' Motion to Compel additional responses to Interrogatory No. 7 and Request for Production Nos. 10 and 11 is denied.

**Interrogatory No. 9** (referred to as Interrogatory No. 11 in original) asks Lane to identify "[f]or each injury you claim, . . . **specifically** whether you sought medical, mental health, or any other treatment for such injuries. . .[,] the date and time of treatment, the physician, medical personnel, or other health care provider who treated you, your diagnosis, prognosis, prescription, or treatment plan, and any medical conclusions or opinions about your condition." *Doc. 66-4 at 4* (bold in

original). Lane answered, "[m]ultiple dates since incident, mental health also medical." *Doc. 66-3 at 11*. All of the information sought in this interrogatory is contained in Lane's medical records, which are readily available to Defendants' counsel. It would be burdensome and unnecessary to require Lane to further answer this interrogatory. However, Lane must provide Defendants' counsel with a supplemental answer to Interrogatory No. 9 that describes *the specific injuries he alleges he suffered as a result of the Defendants' unconstitutional conduct and, for each injury, a general description of the medical treatment he received*.

**Interrogatory No. 11** (referred to as Interrogatory No. 13 in original) asks that Lane "specifically list by number and date all grievances, grievance appeals, informal resolutions, that you have relating to the subject matter of your claims against defendants." *Doc. 66-4 at 4*. Lane answered, "All included in complaint, you are aware." *Doc. 66-3 at 12*. Lane's response makes clear that he has already provided all of the grievances, grievance appeals, and informal resolutions he has related to his claims against the Defendants. Requiring Lane to create a log of his exhaustion of administrative remedies would be unnecessarily burdensome and serves no useful purpose. Accordingly, Defendants' Motion to Compel a supplemental response to Interrogatory No. 11 is denied.

**Interrogatory No. 12** (referred to as Interrogatory No. 14 in original) asks Lane to "describe in detail each act or omission of any ADC employee or representative that you claim constitutes a violation of your constitutional rights[,] [and] for each occurrence, . . . list the date . . . , how it occurred, the names of any and all persons present during the occurrence, and how you believe such an act or omission violated your constitutional rights." *Doc. 66-4 at 4*. Similarly, **Interrogatory No. 13** (referred to as Interrogatory No. 15 in original) asks Lane to "[s]pecifically, state each constitutional right you allege that <u>each defendant</u> violated and what actions or omissions of <u>each defendant</u> violated each right. *Doc. 66-4 at 4-5* (emphasis in original). Lane responded to both interrogatories, "in Complaint[,] you are aware." *Doc. 66-3 at 12*. Defendants' Motion to Compel additional responses to Interrogatory Nos. 12 and 13 is denied. The appropriate discovery vehicle for seeking this information is a deposition, during which Defendants' counsel can question Lane in detail about the facts supporting the allegations in his Complaint.

**Interrogatory No. 14** (referred to as Interrogatory No. 16 in original) seeks an "itemized account of all damages requested." *Doc. 66-4 at 5*. Lane responded that he is asking for $75,000 in punitive damages and $75,000 in compensatory damages divided amongst all Defendants. *Doc. 66-3 at 13-14*. As best the Court can tell,

Defendants are asking Lane to provide *further details* about the damages he seeks to recover. Lane is not a lawyer and the information he has provided is sufficient to inform Defendants of the amount of compensatory and punitive damages he seeks for the alleged violations of his constitutional rights. Accordingly, Defendants' Motion to Compel an additional response to Interrogatory No. 14 is denied. Of course, Defendants' counsel can explore this topic further when Lane is deposed.

**Interrogatory No. 15** (referred to as Interrogatory No. 17 in original) asks Lane to "state the name and ADC number of any inmate you have spoken with regarding the allegations" in the Complaint. *Doc. 66-4 at 5*. Lane objects on the ground this interrogatory is an attempt to "badger" him. *Doc. 66-3 at 14*. The information sought in this interrogatory overlaps with much of the same information sought in Interrogatories No. 1 and No. 2. Nevertheless, *to the extent that he remembers*, Lane must provide Defendants' counsel with the names of the inmates with whom he has discussed the allegations in his Complaint.

**Interrogatory No. 16** (referred to as Interrogatory No. 18 in original) asks Lane to "[s]tate your full name, age, address, and all names and aliases used by you or by which you have been known at any time; Social Security Number; present occupation and employer; and if you have any criminal record, nature of charge, date and place of arrest and conviction, if any." *Doc. 66-4 at 5*. Lane responded,

14

"objection on record defendant is aware." *Doc. 66-3 at 14*. Defendants' request for Lane to provide his address, present occupation, and employer is either a mistake or a blatant attempt to badger Lane. Defendants are fully aware that Lane has been a prisoner in the ADC for the entirety of this litigation and that his parole eligibility date is September 25, 2046. Additionally, Defendants already have access to Lane's full name, aliases, if any, and criminal history through NCIC/ACIC. Absent Defendants making a showing of relevance, they are not entitled to compel Lane to disclose his Social Security number. Accordingly, Defendants' Motion to Compel Lane to provide a supplemental answer to Interrogatory No. 16 is denied.

Finally, **Interrogatory No. 17** (referred to as Interrogatory No. 20 in original) asks whether Lane has ever been a party to any other civil lawsuit during his incarceration, and, if so, provide details. *Doc. 66-4 at 5*. Lane answered, "N/A." *Doc. 66-3 at 15*. Court records show that Lane has filed thirteen other civil lawsuits since March 2017. Those case are as follows: *Lane v. Kelley*, No. 5:16-cv-355-DPM; *Lane v. Nadding*, No. 5:17-cv-60-BSM; *Lane v. Hopper,* No. 4:17-cv-615-KGB; *Lane v. Avery,* No. 5:18-cv-135-JM; *Lane v. Wade*, No. 5:18-cv-231-JM; *Lane v. Wade*, No. 5:18-cv-232-BSM; *Lane v. Griffen*, No. 5:18-cv-234-KGB; *Lane v. James*, No. 5:18-cv-259-BSM; *Lane v. Kelley*, No. 5:19-cv-64-KGB; *Lane v. Lay*, No. 2:20-cv-148-DPM-JTR; *Lane v. Lane*, 2:20-cv-171-KGB-JTR; *Lane v. Payne*, 4:20-cv-553-

KGB-JTK; and *Lane v. Stroughn*, 4:20-cv-1067-BRW-JTK. Defendants' counsel can review those cases, online, to determine the details of each case. Accordingly, Defendants' Motion to Compel Lane to provide a supplemental answer to Interrogatory No. 17 is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Plaintiff's Motion for Appointment of Counsel, *Doc. 65*, is DENIED.

2.    Defendants' Motion to Compel, *Doc. 66*, is GRANTED, in part, and DENIED, in part, as set forth in this Order.

3.    **Within fourteen (14) days of the date of this Order,** Lane must file supplemental responses to Defendants' April 30, 2020 Interrogatories and Requests for Production of Documents as directed above. If Lane does not timely and properly comply with this Order, his claims against Defendants may be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

IT IS SO ORDERED this 21st day of December, 2020.


_____
UNITED STATES MAGISTRATE JUDGE