UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ADAM LANE                                                                                          PLAINTIFF
ADC #155843

v.                                          No. 5:18CV305-BRW-JTR

CHRISTOPHER BUDNICK,
Deputy Warden, Arkansas
Department of Correction, *et al.*                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Background

On November 30, 2018, Lane filed this § 1983 action, alleging failure to protect, retaliation, corrective inaction and inadequate medical care claims against twelve Defendants. *Doc. 2*. On December 20, 2018, the Court screened his

Complaint, allowed all of his claims to proceed, and ordered that the Complaint be served on Defendants. *Doc. 7*.

Lane's claims were later narrowed, after the Defendants' Motion for Partial Summary Judgment on the issue of exhaustion was granted as to certain claims and issues.[1] *Doc. 33*, *43,& 44*.

On April 30, 2020, the remaining Defendants served Lane with a set of Interrogatories and Requests for Production. *Doc. 66-1*. On May 8, 2020, Lane provided responses to that discovery. *Doc. 58*.

On May 11, 2020, Defendants' counsel sent Lane a letter stating that many of his discovery responses were incomplete. *Doc. 66-2*. On June 15, 2020, Lane provided supplemental responses. *Doc. 66-3*.

On July 1, 2020, Defendants' counsel sent a second letter to Lane, stating that his discovery responses were still insufficient. *Doc. 66-4*. Lane did not respond to the second letter.

On August 5, 2020, Defendants filed a Motion to Compel requesting that the

---

[1]Lane's remaining claims are as follows:(1) Defendants Pierre and Wade threatened to take Lane's property if he refused a cellmate, in retaliation for utilizing the grievance procedure; (2) Defendant Pierre "sexually verbally threatened" him and called him a "snitch" on September 21, 2018; (3) Defendant White showed deliberate indifference to his mental health needs, in September 2018, when she "shrugged off" his complaints about hearing voices and having homicidal thoughts; and (4) Defendants Straughn, Budnick, Musselwhite, Starks, and T. Griffin showed deliberate indifference to his health and safety by denying his requests for protective custody. *See Docs. 43 & 44.*

2

Court order Lane to provide complete responses to fifteen of the seventeen Interrogatories and ten of the twelve Requests for Production. *Doc. 66*. On August 19, 2020, Lane filed a Response stating that he has answered all of Defendants' discovery requests and that the Motion to Compel is an "attempt to badger" him because he continues to seek counsel to represent him in this case. *Doc. 68*.

On December 21, 2020, the Court entered an Order granting, in part, Defendants' Motion to Compel. *Doc. 73*. The Order directed Lane to file, within fourteen days, "supplemental responses to Defendants' April 30, 2020 Interrogatories and Requests for Production of Documents." The Order specifically warned Lane that his failure to comply might result in his case being dismissed, without prejudice, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

On January 14, 2021, Defendants filed a Motion to Dismiss for Failure to Cooperate in Discovery, with a supporting Brief. *Docs. 74-75*. For cause, Defendants argue that Lane failed to comply with the Court's deadline of January 4, 2021, established by its December 21st Order.

On January 15, 2021, the Court entered an Order directing Lane to file, by January 29, 2021, a Response to Defendant's Motion to Dismiss. *Doc. 77*. The Court directed Lane, in his Response, to explain why: (1) he has not yet complied with the Court's December 21st Order; and (2) his claims should not be dismissed

without prejudice and this case closed.

Lane has not filed a Response to Defendants' Motion or the Court's January 15th Order, and the time to do so has passed.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that a court may dismiss an action if "a party . . . fails to obey an order to provide or permit discovery." Similarly, a court may dismiss a cause of action if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Lane failed to comply with two Court Orders. He ignored the Court's December 21, 2020 Order directing him to provide supplemental discovery responses *and* the Court's January 15, 2021 Order directing him to explain himself. The Court concludes that dismissal of Lane's case is warranted due to his failure to: (1) participate in discovery; (2) respond to the Court's Orders, and (3) prosecute his case diligently.

Accordingly, the Court recommends that Defendants' Motion to Dismiss be GRANTED, and this case be DISMISSED, in its entirety, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Dismiss *(Doc. 74)* be GRANTED.

2. Lane's Complaint *(Doc. 2)* be DISMISSED, WITHOUT PREJUDICE.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 11th day of February, 2021.

                                      */s/ J. Thomas Ray*
                                UNITED STATES MAGISTRATE JUDGE